IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
2011 OCT -6 AM 11:56
CLERK
SO. DIST. OF GA.

WALTER GUILBEAULT,

    Petitioner,

vs.                                    CIVIL ACTION NO.: CV211-113

ANTHONY HAYNES, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Walter Guilbeault ("Guilbeault"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. Guilbeault filed a Traverse. For the reasons which follow, Guilbeault's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Guilbeault is serving a 60-month sentence for receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). United States v. Guilbeault, No. 3:08-cr-00513-JRS-1 (E.D. Va.). Following his release from prison, he will serve 5 years of supervised release. Id.

In the instant petition, Guilbeault seeks a credit of 240 days against his sentence for time he spent in home detention with electronic monitoring as a condition of his pretrial and presentence release on bond. He also seeks 36 days of good conduct time

AO 72A
(Rev. 8/82)

credit for the same period. Alternatively, Guilbeault requests to have the credited time applied to the 5-year supervised release, which he will serve upon his release from confinement.

Respondent contends that Guilbeault's petition should be dismissed for want of subject matter jurisdiction based on Guilbeault's failure to exhaust his administrative remedies. Additionally, Respondent argues that even if the Court had jurisdiction, Guilbeault's claims are without merit.

## DISCUSSION AND CITATION OF AUTHORITY

Inmates are required to exhaust administrative remedies prior to seeking relief in federal court by filing a petition for a writ of habeas corpus. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (holding that "prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements"). If a prisoner does not exhaust administrative remedies available to him, the Court lacks subject matter jurisdiction to hear his petition. Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992).

Inmates at FCI Jesup must exhaust the Bureau of Prison's ("BOP") administrative remedies, as required by the Code of Federal Regulations, beginning the grievance process locally by presenting their complaint for informal resolution. 28 C.F.R. § 542.13. If informal resolution is unsuccessful, the inmate may seek formal review locally by filing a written administrative remedy request with the Warden at FCI Jesup. 28 C.F.R. § 542.14. If the inmate is not satisfied with the Warden's response, the inmate may appeal to the Regional Director. 28 C.F.R. § 542.15. If the inmate is

AO 72A
(Rev. 8/82)

not satisfied with the Regional Director's response, the inmate may make a final appeal to the Office of the General Counsel. Id.

Guilbeault completed the first step of the administrative remedy process by presenting his request for a 276 day credit to Correctional Counselor Eric Mallard for informal resolution. (Doc. No. 10-3, p. 4). When his grievance was not resolved via informal resolution, Guilbeault took step two of the administrative remedy process and filed a formal Request for Administrative Remedy with Warden Haynes. (Doc. No. 10-3, p. 3). Warden Haynes denied his request. (Doc. No. 10-3, p. 2). Dissatisfied with this result, Guilbeault appealed Warden Haynes' denial to the Southeast Regional Office. The deadline for the Regional Director to respond to Guilbeault's appeal was October 4, 2011. (Doc. No. 11, p. 7). Guilbeault filed the instant petition on July 11, 2011. (Doc. No. 1).

Guilbeault is not entitled to § 2241 relief. Guilbeault failed to properly complete the administrative remedy process before filing the instant petition; therefore, he has not exhausted his BOP administrative remedies with regard to the issues raised in his petition. Since Guilbeault has not exhausted his available administrative remedies, the Court lacks subject matter jurisdiction to hear his petition.

Respondent argues that even if the Court has jurisdiction over Guilbeault's claims, Guilbeault's request for a 276 day credit should be denied. "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed[.]" 18 U.S.C. § 3585(b). "[C]redit for time spent in official detention under § 3585(b) is available only to those defendants who

were detained in a penal or correctional facility." Reno v. Koray, 515 U.S. 50, 58 (1995) (internal punctuation and citation omitted). In Koray, the Court held that presentence time spent confined to a community treatment center was not "official detention" within the meaning of § 3585. Id. at 65.

Guilbeault is not entitled to a 276 day credit for the presentence time he spent in home detention with electronic monitoring as a condition of his pretrial and presentence release on bond. During the relevant time period Guilbeault was not in "official detention" because he was not held in a penal or correctional facility. Therefore, 28 U.S.C. § 3585 does not apply to him.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Guilbeault's § 2241 petition be **DISMISSED**, without prejudice, based on his failure to exhaust his available administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this  6th  day of October, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)